# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wilshire Insurance Company, | No. CV-16-00192-TUC-JAS |
| Plaintiff/Counter-Defendant, | **ORDER** |
| v. | |
| Patrick Yager, et al., | |
| Defendants/Counter-Plaintiffs. | |

The Court has reviewed the entire record in this case (Docs. 1 to 100) and all of the briefing associated with the filing of the early summary judgment motion. The summary judgment motion was filed on April 5, 2017, which was many months before the expiration of the discovery deadline. *See* Docs. 39, 47. As it currently stands, all discovery is not scheduled to be completed until December 19, 2017. In addition, this deadline could be extended one or more times as discovery of new information often leads to issues that need to be further explored through additional discovery that was not initially contemplated by the parties.

The Court finds that the issues related to summary judgment potentially implicate numerous fact-intensive issues, and that the summary judgment motions (Docs. 47 and Doc. 87[1]) are premature and unwarranted at this time, and run afoul of this Court's

---

[1] Doc. 87 is Girard Insurance Service's joinder as to summary judgment.

contemplated course for proceeding with the litigation in this case as reflected in this Court's Orders. *See* Doc. 6 (4/21/16 Order at p. 2, line 5 to p. 3, line 14; noting that only one summary judgment motion should be filed after the completion of all discovery and that early summary judgment motions would likely be denied without prejudice until after the completion of discovery); Doc. 19 (9/23/16 Order at p. 2, line 9 to p. 3, line 16)(same). The motion for summary judgment (Doc. 47) (and the joinder thereto-Doc. 87) are denied without prejudice. As summary judgment has been denied, the motion to strike filed by Counterclaimants ("Yager") is denied as moot.

The Court will not consider, and the parties shall not file, any summary judgment motions until at least 30 days after the final discovery deadline has expired in this case.[2]

---

[2] Although the motion to strike was denied as moot, the Court notes that a reply statement of facts is not permitted by the Local Rules and that reply statement of facts are often disregarded or striken as improper. As such, in the future, only after discovery has been completed, the parties should strive to carefully review all pertinent discovery in the case and submit all necessary facts in only one statement of facts showing either that no material issues of fact exist, such that summary judgment is proper, or showing that material issues of fact exist, such that summary judgment is improper. In addition, the parties should be diligent in making sure that they are only submitting facts that are properly admissible for consideration at the summary judgment stage in this specific litigation. The Court notes that early summary judgment motions often spawn unnecessary satellite litigation, including issues related to discovery and lengthy time delays in the case, incomplete (or excessively long) statement of facts (as discovery is ongoing, incomplete, and many potentially relevant facts have not been discovered), verbose and excessively long briefs exceeding standardized page limits, reply statement of facts, numerous objections to submitted evidence, motions to strike, objections to joinders in summary judgment, and the numerous responses and replies thereto. Lastly, despite the extension of page limits, the Court also notes that certain briefs and filings appear not to actually fall in those page limits (extended or otherwise) as they do not comply with the Local Rules, and such non-complaint filings could be disregarded or stricken in the future as an attempt to subvert the Local Rules which encourage the parties to be concise in their arguments. *See* LRCiv 7.1(b)(1)("The body of all documents shall be typed, double-spaced and shall not exceed 28 lines per page; they shall not be single-spaced . . . All pleadings, motions and other original documents filed with the Clerk shall be in a fixed-pitch type size no smaller than . . . 10 letters per inch . . . or in a proportional **font size no smaller than 13 point**, including any footnotes. Pages of the document must be numbered. The left margin shall not be less than 1 ½ inches and the right margin shall not be less than ½ inch.)(emphasis added); LRCiv 7.2(e)(page limits). Future requests for extensions of page limits will likely be denied; as such, the

Lastly, the record reflects that all parties would benefit from a settlement conference. If any party thinks that a settlement conference could be fruitful, a stipulation or request for such a conference may be filed, which will likely be granted. The Court can refer the case to a United States Magistrate Judge for a settlement conference at no cost to the parties, and the Court will stay all deadlines pending the completion of the settlement conference.

Dated this 31st day of August, 2017.

Honorable James A. Soto
United States District Judge

---

parties should be concise in their arguments and plan to comply with the Local Rules as to both page limits and other necessary requirements (i.e., font size, etc.).