Robert B. Zelms, Arizona Bar No. 018956
  *rbz@manningllp.com*
Nishan J. Wilde, Arizona Bar No. 031447
  *njw@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
3636 North Central Avenue, 11th Floor
Phoenix, Arizona 85012
Telephone: (602) 313-5472

*Attorneys for Third Party Defendant Girard Insurance Services, Inc., Ira Lee Girard and Mary Ann Girard*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Wilshire Insurance Company,<br><br>    Plaintiff,<br><br>    v.<br><br>Patrick Yager and Javier Lopez,<br><br>    Defendants. | Case No. 4:16-CV-00192-JAS<br><br>**GIRARD DEFENDANTS' RESPONSE TO MOTION IN LIMINE NO. 5: YAGER'S FAULT**<br><br>The Honorable James Soto<br><br>**(ORAL ARGUMENT REQUESTED)** |
| Patrick Yager and Javier Lopez,<br><br>    Counter-Plaintiffs,<br><br>    v.<br><br>Wilshire Insurance Company; ABC Companies 1-10; XYZ Corporations 1-10; and ABC Partnerships 1-10,<br><br>    Counter-Defendants. | |
| Patrick Yager,<br><br>    Third Party Plaintiff,<br><br>    v.<br><br>Girard Insurance Services, Inc.; Ira Lee Girard and Mary Ann Girard; Jane and John Doe Girard; John and Jane Does 1-10; ABC Companies 1-10; XYZ Corporations 1-10; and ABC Partnerships 1-10,<br><br>    Third Party Defendants. | |

1

Girard Insurance Services, LLC ("Girard Insurance"), by and through undersigned counsel, hereby files this Response to Defendant Yager and Lopez's No. 5 [258] Motion *in Limine* regarding Yager Fault.

The Motion should be denied, as it is based on a fundamental misunderstanding of the purpose of evidence that Mr. Yager's was at fault for the accident. Mr. Yager has retained an expert, Carmine Cornelio, to opine on the reasonableness of the stipulated judgment in the Morris Agreement. As a basis of Mr. Cornelio opinion on reasonableness, he stated that there was "little or no comparative." [*See* **Exhibit A**, Cornelio Expert Report at p. 3.] This is false. There is plenty of evidence that Mr. Yager was at fault, as explained herein. When confronted with this evidence – which *conveniently* was never provided to Mr. Cornelio by Mr. Yager's counsel – Mr. Cornelio admitted under oath that he was no longer comfortable with his opinion. [*See* **Exhibit B**, Deposition of Carmine Cornelio at p. 135:1-6.]

Under the *Morris/Damron* test, to determine whether a stipulated judgment is reasonable, the merits of the underlying lawsuit must be considered. *Himes v. Safeway*, 201 Ariz. 31, 39, 66 P.3d 74, 82 (App. 2003). The merits of a car accident would necessarily involve an analysis of comparative fault. Therefore, for the jury to determine whether Mr. Cornelio's opinion is credible, the jury must hear evidence of Mr. Yager's comparative fault in the underlying accident. The jury must also hear that this evidence was *conveniently* withheld from Mr. Cornelio – which is evidence that his opinion is not credible.

**MEMORANDUM OF LAW AND POINTS OF AUTHORITIES**

**A.    Mr. Cornelio was never provided with evidence of Mr. Yager's fault – which evidence is necessary for the jury to determine whether Mr. Cornelio's opinion is credible or reasonable.**

The *Morris/Damron* standard for a reasonable stipulated judgment is as follows:

> The test as to whether the settlement was reasonable and prudent is what a reasonably prudent person in the **insured's position** would have settled for **on the merits** of the claimant's case.

> The "reasonably prudent person" referenced in this test means a person who has a stake in the outcome. It means a person who is making decisions as though the money that pays the settlement comes from his or her own pocket. This is not a test of what a reasonably prudent person would settle the case for with someone else's funds. It is what a "reasonably prudent person" would pay from his or her own resources, assuming they are sufficient, **"on the merits"**

2

**of the case**.

*See Himes v. Safeway*, 201 Ariz. 31, 39, 66 P.3d 74, 82 (App. 2003) (emphasis added). The *Himes* Court specifically stated that a reasonable stipulated judgment is based "on the merits" of the case. *Id.* For the jury to determine whether the $1.5 million stipulated judgment is reasonable – of that Mr. Cornelio's opinion can be believed – the jury must hear the merits of the case, which includes evidence that Mr. Yager was comparatively at fault. For example, if a jury were to believe that total damages were $1.5 million, but that Mr. Yager was 50% at fault for the accident, the Mr. Yager's damages would be $750,000 only, and $1.5 million would not be reasonable.

In this case, there is *plenty* evidence that Mr. Yager was at fault for the accident – from eye witnesses to the accident.[1] Unfortunately, this evidence was never provided to Mr. Cornelio. Instead Mr. Yager's counsel provided one-sided, cherry-picked information to Mr. Cornelio. When confronted with the evidence that Mr. Yager's counsel left out, Mr. Cornelio admitted Mr. Yager's counsel had provided "limited information." [**Exhibit B** at pp. 136:10-127:19.] He admitted that the information Mr. Yager's counsel withheld from him would "benefit the defense position." [*Id.*] Mr. Cornelio then admitted that based on this "limited information," he was not "comfortable" with this opinion that the $1.5 million stipulated judgment is reasonable. [*Id.* at pp. 55:24-56:3; 65:19-23; 135:1-6.]

---

[1] Four people gave testimony or statements as to how the accident occurred – Patrick Yager, Javier Lopez, Norma Rodriguez and Blanca Montejano. Patrick Yager testified that he had no memory of how the accident occurred. [*See* **Exhibit C**, Deposition of Patrick Yager at p. 68:11-24.] Javier Lopez testified that the accident was not his fault. He testified that when he switched lanes, he turned on his signal, checked his mirror and saw a motorcycle "very far" behind him. [*See* **Exhibit D**, Deposition of Javier Lopez at pp. 33:12-34:20.] He testified that after switching lanes, the motorcycle sped up "very fast" and hit Mr. Lopez's van. *Id.* Norma Rodriguez corroborated Mr. Lopez's version of the events, stating that she thought the motorcycle ran into the van, that the driver of the van did nothing wrong, and that the van driver did not change lanes into the motorcyclist. [**Exhibit B** at p. 46:11-23.] Blanca Montejano also corroborated Mr. Lopez's version of the events, stating that she did not think the van driver did anything wrong, and that she did not think the van driver was speeding. [*Id.* at p. 46:3-10.] Mr. Cornelio admitted that the one-sided information provided to him by Mr. Yager's counsel benefited only Mr. Yager's position, not Defendants' position. [*Id.* at pp. 126:10-127:19.]

3

In this case, the jury must determine whether Mr. Cornelio's opinion is credible. To do so, the jury must be presented with the evidence that Mr. Cornelio did not take into account. The jury must be presented with evidence that Mr. Yager was comparatively at fault for the accident. Such evidence would necessarily impact the amount of Mr. Yager's damages, and by extension, would impact the reasonableness of Mr. Cornelio's opinion.

### B. Mr. Yager misinterprets Arizona law in order to argue that (1) comparative fault is precluded in this case and (2) that liability cannot be disputed.

Mr. Yager misinterprets Arizona law in order to argue that (1) comparative fault is precluded in this case and (2) liability cannot be disputed.

First, Mr. Yager argues that because Mr. Lopez pled guilty to causing the accident, A.R.S. § 13-807 precludes Girard Insurance from presenting evidence that Mr. Yager was comparatively at fault for the accident. This is false. Arizona law expressly states that A.R.S. § 13-807 does not preclude affirmative defenses – including contributory negligence or comparative fault. *See Williams v. Baugh*, 214 Ariz. 471, 474, 154 P.3d 373, 376 (App. 2007) ("[A.R.S.] § 13-807 does not preclude a defendant from raising an affirmative defense that does not conflict with the essential allegations of the offense, . . . The defense of contributory negligence generally is not recognized as a defense to criminal conduct. And neither a defense of contributory negligence nor comparative fault principles deny an 'essential allegation[] of the criminal offense of which [the defendant] was adjudicated guilty.'") (internal citations omitted). Therefore, Girard Insurance is not precluded from presenting evidence that Mr. Yager was comparatively at fault for the accident.

Second, Mr. Yager argues that the issue of liability cannot be contested once a Morris Agreement is accepted. This is false as well. In fact, Arizona law states the exact opposite. The *Morris* Court stated:

> . . . **neither the fact nor amount of liability to the claimant is binding on the insurer** unless the insured or claimant can show that the settlement was reasonable and prudent. This accords with general principles of indemnification law. An indemnitor is bound by the settlement made by its indemnitee if, **but only if, the indemnitor was given notice and opportunity to defend**. By settling against the insurer's instructions, the insured, in effect, ousts the insurer from the defense of the action and assumes the defense

4

himself. **In such case, the indemnitor may contest its liability**. *See United Servs. Auto Ass'n v. Morris*, 154 Ariz. 113, 120, 741 P.2d 246, 253 (1987) (emphasis added) (internal citations omitted). Clearly, the *Morris* case applies to an insurer who has been defending its insured in a lawsuit, not to an insurance agent. Therefore, this holding does not apply to Girard Insurance. But even if it did, Girard Insurance would still be able to dispute liability, as "neither the fact nor amount of liability" is binding unless the settlement was "reasonable." The stipulated judgment of $1.5 million is not reasonable given Mr. Yager's fault for the underlying accident, as well as one-sided, cherry-picked information provided to Mr. Cornelio.

## CONCLUSION

There is plenty of evidence that Mr. Yager was at fault for the accident. To determine whether the $1.5 million stipulated judgment is reasonable – and whether Mr. Cornelio's opinion can be believed – the jury *must* hear evidence that Mr. Yager was at fault for the accident.

RESPECTFULLY SUBMITTED this 1st day of April, 2019.

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:   *s/ Nishan J. Wilde*
Robert B. Zelms
Nishan J. Wilde
*Attorneys for Girard Insurance Services, Inc.; Ira Lee Girard and Mary Ann Girard*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of April, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Jerald R. Wilson
Miniat & Wilson, LPC
550 W. Ina Rd, Suite 101
Tucson, Arizona 85704
Jerwil@dakotacom.net
*Attorneys for Defendants/Counter-Plaintiffs/Third Party Plaintiff Patrick Yager and Javier Lopez*

By *s/ Diana Drake*

6