1  Robert B. Zelms, Arizona Bar No. 018956
   *rbz@manningllp.com*
2  Nishan J. Wilde, Arizona Bar No. 031447
   *njw@manningllp.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  3636 North Central Avenue, 11th Floor
   Phoenix, Arizona 85012
5  Telephone: (602) 313-5472

6  *Attorneys for Third Party Defendant Girard Insurance Services, Inc., Ira Lee Girard and*
7  *Mary Ann Girard*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Wilshire Insurance Company,<br><br>    Plaintiff,<br><br>    v.<br><br>Patrick Yager and Javier Lopez,<br><br>    Defendants. | Case No. 4:16-CV-00192-JAS<br><br>**GIRARD INSURANCE RESPONSE TO YAGER/LOPEZ MOTION IN LIMINE NO. 2: TELEPHONE RECORDS**<br><br>The Honorable James Soto<br><br>**(ORAL ARGUMENT REQUESTED)** |
| Patrick Yager and Javier Lopez,<br><br>    Counter-Plaintiffs,<br><br>    v.<br><br>Wilshire Insurance Company; ABC Companies 1-10; XYZ Corporations 1-10; and ABC Partnerships 1-10,<br><br>    Counter-Defendants. | |
| Patrick Yager,<br><br>    Third Party Plaintiff,<br><br>    v.<br><br>Girard Insurance Services, Inc.; Ira Lee Girard and Mary Ann Girard; Jane and John Doe Girard; John and Jane Does 1-10; ABC Companies 1-10; XYZ Corporations 1-10; and ABC Partnerships 1-10,<br><br>    Third Party Defendants. | |

1

Girard Insurance Services, LLC ("Girard Insurance"), by and through undersigned counsel, hereby files this Response to Defendant Yager and Lopez's No. 2 [255] Motion *in Limine* regarding Telephone Records. Mr. Yager's Motion confuses *conclusive* evidence with *relevant* evidence. He argues that the phone records do not 100% conclusively prove or disprove that Mr. Lopez called Girard Insurance, so the phone records should be excluded altogether. This is a fundamental misunderstanding of Rule 401. Evidence is relevant if "it has **any tendency** to make a fact **more or less probable** than it would be without the evidence." *See* Fed. R. Evid. 401. In this case, Mr. Lopez claims he called Girard Insurance three (3) times *prior* to the November 2014 accident. The telephone records show that there were no phone calls made from Mr. Lopez's personal cell phone to Girard Insurance's business number from March 2014 to November 2014. This undoubtedly has a **tendency** to make it more probable that Mr. Lopez did not call Girard Insurance. Mr. Yager is more than welcome to provide the jury with countervailing evidence. But the jury is entitled to weigh relevant evidence and determine the credibility of witness testimony in light of such evidence.

**MEMORANDUM OF LAWS AND POINTS OF AUTHORITIES**

**A.   The Telephone Records are relevant to the lawsuit.**

Mr. Lopez has claimed that he made at least three (3) calls to Girard Insurance prior to the November 2014 accident [*See* **Exhibit A**, Deposition of Javier Lopez at p. 26:4-21.] Mr. Lopez's personal phone is (520) 270-7379. [*Id.* at p. 76:20-24.] Girard Insurance's business number is (520) 628-7888. [*See* **Exhibit B**, Deposition of Jackie Canez at pp. 26:24-27:3.] The phone records show no calls from Mr. Lopez's personal phone to Girard Insurance's business number from March 2014 to November 2014. [*See* **Exhibit C**, AT&T Phone Records (AT&T COMPLIANCE CENTER 1-62).] The phone records indisputably meet the definition of relevant evidence. Because Mr. Lopez did not make any calls from his personal phone to Girard Insurance's business number, this is relevant evidence – even if not conclusive evidence – that Mr. Lopez did not call Girard Insurance. Therefore, the jury is entitled to be presented with this evidence at trial.

2

**B.     Mr. Yager is more than welcome to present countervailing evidence to the telephone records, but that does not mean relevance evidence must be excluded.**

Mr. Yager is more than welcome to present evidence to the jury in order to counteract the telephone records. Mr. Yager's Motion makes clear that he intends to do so.

First, Mr. Yager intends to offer evidence that Ms. Dortch spoke to Mr. Lopez on two occasions in November 2014, and therefore, the phone records must be incomplete. [Motion at pp. 2-3.] Mr. Yager's proposed evidence is not conclusive. Ms. Dortch testified that she does not remember when she spoke to Mr. Lopez. [*See* **Exhibit D**, Deposition of Francine Dortch at pp. 58:7-10; 61:4-13.] It could have been after November 2014. According to Mr. Yager's position, this evidence cannot be heard by the jury because it is not conclusive. However, that is not how admission of evidence works. The jury is allowed to hear all relevant evidence and weigh it against other relevant evidence.

Second, Mr. Yager intends to present evidence that Mr. Lopez spoke with Ms. Dortch on Mr. Pastor's phone. [Motion at pp. 2-3.]. This is a highly unbelievable statement. Mr. Lopez had his own personal cell phone and would not need to use Mr. Pastor's cell phone to call Ms. Dortch even once, let alone on three different occasions. It is simply unbelievable that *each time* Mr. Lopez called Ms. Dortch that he used Mr. Pastor's phone – especially when Mr. Lopez has provided *zero* documented evidence to support this claim. It is more credible that Mr. Lopez uses his own phone to make personal calls. The phone records show that no calls were made from his personal phone to Girard's business number. Mr. Lopez's testimony is, therefore, far from conclusive. Does that mean he is not entitled to present it to the jury? Of course not. The jury should be able to hear Mr. Lopez's testimony and weigh it against all other relevant evidence – including the telephone records.

**C.     The telephone records are not speculative.**

Mr. Yager next argues that the telephone records are speculative. [Motion at pp. 2-3.]. Mr. Yager is dead wrong. Again, Mr. Lopez testified that he called Girard Insurance three times. [**Exhibit A** at p. 26:4-21.]  The telephone records are from his *personal* phone to Girard's business number. It is hypocritical for Mr. Yager to argue that Mr. Lopez is allowed

3

to testify that he called Girard Insurance three times **without any documented evidence whatsoever**, but that Girard Insurance cannot use **documented evidence**. What is more speculative? That Mr. Lopez made three calls to Girard Insurance on Pastor's phone or that Mr. Lopez did not make any phone calls from his personal phone to Girard Insurance's business number? The former is wholly supported by documented evidence. The latter is *verified* by documented evidence. Again, if Mr. Yager wants to present countervailing evidence against the telephone records, that is perfectly fine. However, the jury is entitled to hear all relevant evidence and make its decision based on all relevant evidence.

### D. Ms. Canez testified that Girard has four separate lines, not four separate phone numbers.

Mr. Yager next argues that Ms. Canez testified that Girard Insurance has four different phone numbers, and therefore, the telephone records are not conclusive evidence that Mr. Lopez did not make any calls. Mr. Yager's argument fails for two reasons. First, again, just because a piece of evidence is not 100% conclusive does not mean that the evidence is not relevant. The telephone records are indisputably relevant to whether Mr. Lopez made phone calls to Girard Insurance. Second, Ms. Canez testified that Girard Insurance has four different lines that roll over from one phone number – (520) 628-7888. [**Exhibit B** at pp. 26:24-27:3.]

### E. The telephone records do not lack foundation and are not hearsay.

Mr. Yager lastly argues that the telephone records lack foundation and are hearsay. Mr. Yager is incorrect. Mr. Lopez is listed as a witness. He will be able to lay foundation for the telephone records by confirming his phone number. Ms. Dortch, Ms. Canez and Ira Girard are also listed as witnesses. They will be able to lay foundation for the telephone records by confirming Girard Insurance's phone number. As related to hearsay, the telephone records are kept within the normal course of business by AT&T, and therefore, they fall into one of the hearsay exceptions. *See* Fed. R. Evid. 803(6).

### CONCLUSION

Mr. Yager is attempting to exclude a relevant piece of evidence based on the ill-conceived notion that just because a piece of evidence is not conclusive, it must be

4

inadmissible. This is simply incorrect. If that were the standard for admissible evidence, virtually no evidence would be admissible, as virtually no evidence is 100% conclusive. The jury is entitled to hear and weigh all relevant evidence when rendering a verdict, including the telephone records. For this reason, the Court should deny Mr. Yager's Motion *in Limine* regarding the telephone records.

RESPECTFULLY SUBMITTED this 1st day of April, 2019.

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By: *s/ Nishan J. Wilde*
Robert B. Zelms
Nishan J. Wilde
*Attorneys for Girard Insurance Services, Inc.;
Ira Lee Girard and Mary Ann Girard*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of April 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Jerald R. Wilson
Miniat & Wilson, LPC
550 W. Ina Rd, Suite 101
Tucson, Arizona 85704
Jerwil@dakotacom.net
*Attorneys for Defendants/Counter-Plaintiffs/Third Party Plaintiff Patrick Yager and Javier Lopez*

By *s/ Diana Drake*