LAW OFFICES OF
MINIAT & WILSON, L. P. C.
550 WEST INA ROAD, SUITE 101
TUCSON, ARIZONA 85704
Phone: (520) 742-1177
Fax: 877-399-4343; E-mail: jerwil@dakotacom. net
Firm No. : 00235500
Jerald R. Wilson
State Bar No. :   014933
PCC No. : 64897
Attorneys for Defendants/
Counter-Plaintiffs/Third Party Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| WILSHIRE INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>PATRICK YAGER and JAVIER LOPEZ,<br><br>Defendants, | No. 4:16-CV-00192-JAS |
| PATRICK YAGER and JAVIER LOPEZ,<br><br>Counter-Plaintiffs,<br>v.<br>WILSHIRE INSURANCE COMPANY; ABC COMPANIES 1-10; XYZ CORPORATIONS 1-10; and ABC PARTNERSHIPS 1-10,<br><br>Counter-Defendants. | DEFENDANT YAGER AND LOPEZ'S RESPONSE TO GIRARD INSURANCE MOTION IN LIMINE NO. 1: TO EXCLUDE EVIDENCE OF ALLEGED SALE OF INSURANCE WITHOUT LICENSE |
| PATRICK YAGER,<br>Third Party Plaintiff,<br>v.<br>GIRARD INSURANCE SERVICES, INC. ; IRA LEE GIRARD and MARY ANN GIRARD; JANE and JOHN DOE GIRARD; JOHN and JANE DOES 1-10; ABC COMPANIES 1-10; XYZ CORPORATIONS 1-10; and, ABC PARTNERSHIPS 1-10,<br><br>Third Party Defendants. | Assigned to James Soto<br><br>**ORAL ARGUMENT REQUESTED** |

COMES NOW, Defendants/Counter-Plaintiffs Yager and Lopez (hereafter "Yager"), through their attorney undersigned, and submits their Response to Girard Insurance Motion in Limine No. 1: To Exclude Evidence of Alleged Sale of Insurance Without License as follows:

The evidence clearly shows that Girard was negotiating and selling insurance without a license. The evidence shows that the only licensed agent lived in Las Vegas and admits that he did meet with clients and provides no supervision over his employees. The licensed agent did not review applications for insurance before being sent to the insurance company and allowed employees to sign his name to the applications. Girard provided no training to employee Dortsch and did not require her to read any of the insurance policies that Girard sold. Dortsch had no understanding of the insuring symbols in the policy. Yager's expert, Daniel Fink, opined that Dortch was unlicensed, untrained, had not read the commercial auto policy and did not have an understanding of the insuring symbol being used for Lopez's van (Exhibit 1). Fink opines that Girard was negligent in procuring policies in violation of Arizona regulation by using an unlicensed person without knowledge of commercial auto policies (Exhibit 1).

Therefore, evidence that Girard was selling, negotiating and/or procuring insurance by using unlicensed personnel is relevant to the issue of negligence, negligence per se and punitive or exemplary damages.

## I. Evidence is necessary to prove negligence and negligence per se

Evidence of selling, negotiating and/or procuring insurance without a license is relevant and probative to the claim for both negligence and negligence per se. In Yager's expert, Daniel Fink's report, Mr. Fink opined, among other things that Girard Insurance was selling insurance in violation of Arizona regulations and statutes (Exhibit 1). Fink specifically opined that employee Dorstch was both negotiating and selling insurance without an insurance license which

is an illegal practice in Arizona (Exhibit 1). Fink explained his reasoning in that the State of Arizona requires a person to be licensed to sell insurance to protect insurance purchasers (Exhibit 1). Fink noted that the Arizona statute states, "A person shall not sell, solicit or negotiate insurance in this state for any class or classes of insurance unless the person is licensed for that line of authority ..." (Exhibit 1). The Arizona statutes define "negotiate" as the act of conferring with or offering advice directly to a purchaser concerning terms or conditions of the contract if that person either sells insurance or obtains insurance from insurers for purchasers (Exhibit 1). Further, "sell" means to exchange a contract of insurance by any means on behalf of an insurer (Exhibit 1). So clearly, Dortsch was negotiating and selling insurance in violation of the Arizona statutes. Also clear is that such actions are below the standard of care. Girard's expert testified that in his practice he would never let unlicensed staff fill out an application without it being reviewed by a licensed agent, that he would never allow an unlicensed employee to give advice to a customer, nor would he allow an unlicensed employee to sign a document on his behalf (Exhibit 2).

Further, the evidence shows that Girard knew that a licensed agent was needed to sell insurance. If Dortsch was truly just a customer service agent then why did she forge agent Ira Girard's name on all of the insurance applications? If being a licensed agent wasn't necessary to complete and submit applications then Dortsch could have just signed her own name.

All experts agree that licensing is required to protect the public and to ensure that the insurance agents receive the training and sophistication to help their clients. Experts also agree that the required license is to ensure that the agent reads through insurance policies and understands the insuring symbols.

Therefore, all evidence regarding licensure is probative, relevant and necessary to prove the negligence claim as opined by expert Fink that Girard was negligent in procuring policies in violation of Arizona regulations by allowing an unlicensed person to sell, negotiate or procure policies without knowledge of commercial auto policies. Evidence is not unduly prejudicial when it goes to the elements of the cause of action. Further, Girard is claiming that it is appropriate to allow an unlicensed employee to negotiate, procure or sell insurance. The violation of statute is necessary to contradict the false assertion.

## II. Evidence of violation of statute is necessary to prove negligence per se

This evidence is even more crucial to Yager's claim for negligence per se. To succeed on the negligence per se claim, Yager has to show a violation of statute. *Steinberger v. McVey*, 234 Ariz. 125, 318 P.3d 419 (Ariz. App. 2014). Yager is unable to prove negligence per se without the evidence that Girard violated Arizona statutes and regulations. Again, evidence is not unduly prejudicial when it is part of the elements of the cause of action. To preclude such evidence would essentially dismiss the negligence per se claim, which is not an appropriate use of a motion in limine. Girard should not be allowed to use a motion in limine as a substitute for summary judgment.

## III. Evidence of violation of statute is relevant to the claim for punitive or exemplary damages

Evidence of the violation of statute is necessary to support Yager's claim for punitive damages. Yager has made a claim for punitive damages based on Girard's procuring insurance using unlicensed employees and charging higher interest rates for financing premiums. Again, this evidence is essential to the claim for punitive damages to show Girard's intent and improper motive.

### IV. Expert Fink has opined that violation of statute constitutes breach of the standard of care

It should be noted that Girard mischaracterizes Fink's deposition testimony. First, Girard did not ask Fink any questions regarding his opinion that Girard was negligent for procuring policies in violation of Arizona regulation by using an unlicensed person without knowledge of commercial automobile policies to sell, negotiate and procure insurance. This opinion goes to the element of the breach of the required conduct. In response to Girard's questions, Fink clearly testified that the amount of damages might not change whether the agent was licensed or unlicensed, which is a different element of the claim. Fink has always testified that in this case, Girard's use of unlicensed employees was a violation of the standard of care required of insurance agents (Exhibit 1).

### V. Conclusion

Evidence that Girard was selling, negotiating and/or procuring insurance without a license is relevant and probative to the issues of negligence, negligence per se and punitive or exemplary damages. A motion in limine should not be used to resolve factual disputes or weigh evidence because that is within the province of the jury. Further, evidence should only be excluded in a motion in limine if the evidence is clearly inadmissible for any purpose. If evidence is not clearly admissible, evidentiary rulings should be deferred until trial to allow questions of relevancy and prejudice to be resolved in context. The evidence of violation of statute goes directly to the elements of the negligence, negligence per se and punitive damages issue. Girard has not made a showing that such evidence is unduly prejudicial. Therefore, Yager respectfully requests that the Court deny Girard's motion in limine to preclude evidence that Girard was selling, negotiating or procuring insurance with unlicensed personnel.

DATED this 1st day of April, 2019.

                                                MINIAT & WILSON, L.P.C.

                                        By: */s/ Jerald R. Wilson*
                                                 Jerald R. Wilson
                                                 Attorney for Defendants/
                                                 Counter-Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2019, I electronically transmitted the attached document to the Clerk's Office using CM/ECF system for filing.

I further certify that on April 1, 2019, I electronically mailed the attached document to:

| | |
|---|---|
| LJohnson@cdslawfirm.com | rbz@manningllp.com |
| Lon Johnson | Robert B. Zelms |
| Christian Dichter & Sluga, P.C. | Manning & Kass, |
| 2700 North Central Avenue, Suite 1200 | Ellrod, Ramirez, Trester, LLP |
| Phoenix, Arizona 85004 | 3636 North Central Avenue, 11th Floor |
| Attorney for Plaintiffs/Counter-Defendants | Phoenix, Arizona 85012 |
| Wilshire Insurance Company | Attorneys for Third Party Defendants |
| | Girard Insurance Services, Inc; |
| | Ira Lee Girard and Mary Ann Girard |

By: /s/*Valerie Shanahan*