**LAW OFFICES OF**
**MINIAT & WILSON, L. P. C.**
**550 WEST INA ROAD, SUITE 101**
**TUCSON, ARIZONA 85704**
**Phone: (520) 742-1177**
**Fax: 877-399-4343; E-mail: jerwil@dakotacom. net**
**Firm No. : 00235500**
**Jerald R. Wilson**
**State Bar No. : 014933**
**PCC No. : 64897**
**Attorneys for Defendants/**
**Counter-Plaintiffs/Third Party Plaintiffs**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| WILSHIRE INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>PATRICK YAGER and JAVIER LOPEZ,<br><br>Defendants, | No. 4:16-CV-00192-JAS |
| PATRICK YAGER and JAVIER LOPEZ,<br><br>Counter-Plaintiffs,<br>v.<br>WILSHIRE INSURANCE COMPANY; ABC COMPANIES 1-10; XYZ CORPORATIONS 1-10; and ABC PARTNERSHIPS 1-10,<br><br>Counter-Defendants. | **DEFENDANT YAGER AND LOPEZ'S RESPONSE TO GIRARD INSURANCE MOTION IN LIMINE NO. 3: TO EXCLUDE DEPOSITION TESTIMONY OF ALONSO PASTOR** |
| PATRICK YAGER,<br>Third Party Plaintiff,<br>v.<br>GIRARD INSURANCE SERVICES, INC. ; IRA LEE GIRARD and MARY ANN GIRARD; JANE and JOHN DOE GIRARD; JOHN and JANE DOES 1-10; ABC COMPANIES 1-10; XYZ CORPORATIONS 1-10; and, ABC PARTNERSHIPS 1-10,<br><br>Third Party Defendants. | Assigned to James Soto<br><br>**ORAL ARGUMENT REQUESTED** |

COMES NOW, Defendants/Counter-Plaintiffs Yager and Lopez (hereafter "Yager"), through their attorney undersigned, and submits their Response to Girard Insurance Motion in Limine No. 3: To Exclude Deposition Testimony of Alonso Pastor as follows:

The deposition of Alonso Pastor may be admissible pursuant to Fed.R.Civ.P., Rule 32(a)(8) and/or F.R.E., Rule 804. Further, any ruling on the admissibility of Pastor's deposition is premature. Finally, Girard has waived any objection to the admissibility of Pastor's deposition by designating deposition testimony of Pastor in the pre-trial statement.

I.  **Pastor's deposition is admissible pursuant to Fed.R.Civ.P., Rule 32(a)(8)**

Fed.R.Civ.P., Rule 32(a)(8) provides that a deposition taken in an earlier state or federal action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. Rule 32(a)(8) requirements of same subject matter and same parties are construed liberally in light of the twin goals of fairness and efficiency. *Hub v. Sun Valley*, 682 F.2d 776, 777 (9th Cir. 1982). Girard only contends that Girard was not present at the deposition, and therefore, in essence, contests the second requirement regarding the same parties, or their representatives or successor's in interest. Therefore, there is no dispute as to the first requirement that the deposition of Pastor involved the same subject matter.

As for Rule 32's same parties' requirements, there is a well-accepted exception that a deposition from a previous proceeding is admissible if an adversary was present with the same motive to cross-examine the deponent. *Hub*, 682 F.2d at 778, citations omitted. In fact, one court held that the modern test does not require privity between the current party and the party who participated in the prior proceeding. *Hynix Semiconductor, Inc. v. Rambus, Inc.*, 250 F.R.D. 452, 458 (N.D.Cal 2008). In this matter, Yager had sued both Pastor and Lopez for the injuries

received in a motor vehicle accident. Wilshire Insurance Company retained separate counsel to represent both Pastor and Lopez, whose counsel both attended the deposition of Pastor. Both Pastor's and Lopez's counsel had similar motive in the case to contest the underlying claim of negligence, which also included the procurement of insurance. Therefore, there was a substantial identity of issues which meets the exception for the same party, or their representatives or their successor's in interest. Girard has not asserted any reason or evidence that the parties attending the deposition did not have the same motive to examine Pastor. Girard only contends that they were not present at the deposition, that is not a sufficient basis to preclude the deposition testimony. Girard has failed to show that the Rule 32(a)(8) requirements have not been met.

Based on the foregoing, the requirements of Fed.R.Civ.P., Rule 32(a)(8) have been met and Pastor's deposition should be admitted at trial.

**II.      Pastor's deposition may be admissible pursuant to F.R.E., Rule 804**

The Pastor deposition may also be admissible pursuant to F.R.E., Rule 804. Rule 804(b)(1) explicitly permits testimony from an unavailable witness that was given as a witness at a lawful deposition, whether given in the current proceeding or a different one. The deposition can be used against a different party if the parties at the deposition had an opportunity to cross-examine and similar motive. As shown above, there were two parties at the deposition, who had the opportunity and similar motive. Further, Girard has not asserted any contrary reason or evidence that the parties did not have a similar motive. Yager intends to subpoena Pastor to attend trial, however, if this cannot be established, then Pastor's deposition would be admissible under F.R.E., Rule 804. Any decision at this point would be premature.

## III. Girard has waived any objections to the admissibility to Pastor's deposition

Girard has waived any objections to the admissibility of Pastor's deposition. Girard designated portions of Pastor's deposition on the pre-trial without objection. Girard has not provided any authority that a party could designate deposition transcript without objection and then preclude the opposing party from using the same deposition. Fed.R.Civ.P., Rule 32 does not provide any such authority. Girard indicates that they intend to use the deposition testimony as impeachment, however, Rule 32(a)(2) still requires that the general requirements under Rule 32(a)(1) still be met. Therefore, by failing to object, Girard has waived any right for use of the deposition at trial.

## IV. Conclusion

Pastor's deposition is admissible into evidence at trial pursuant to Fed.R.Civ.P., Rule 32(a)(8). Further, Pastor's deposition may also be admissible into evidence pursuant to F.R.E., Rule 804. It is premature to make any decision under that rule. Finally, Girard has waived any objection to the admissibility of Pastor's deposition by designating portions of the deposition transcript of Pastor without objection.

Based on the foregoing, Yager respectfully requests that the Court deny Girard's motion in limine.

DATED this 1st day of April, 2019.

MINIAT & WILSON, L.P.C.

By: */s/ Jerald R. Wilson*
Jerald R. Wilson
Attorney for Defendants/
Counter-Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2019, I electronically transmitted the attached document to the Clerk's Office using CM/ECF system for filing.

I further certify that on April 1, 2019, I electronically mailed the attached document to:

LJohnson@cdslawfirm.com
Lon Johnson
Christian Dichter & Sluga, P.C.
2700 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Attorney for Plaintiffs/Counter-Defendants
Wilshire Insurance Company

rbz@manningllp.com
Robert B. Zelms
Manning & Kass,
Ellrod, Ramirez, Trester, LLP
3636 North Central Avenue, 11th Floor
Phoenix, Arizona 85012
Attorneys for Third Party Defendants
Girard Insurance Services, Inc;
Ira Lee Girard and Mary Ann Girard

By: /s/*Valerie Shanahan*