LAW OFFICES OF
MINIAT & WILSON, L. P. C.
550 WEST INA ROAD, SUITE 101
TUCSON, ARIZONA  85704
Phone:  (520) 742-1177
Fax:  877-399-4343; E-mail:  jerwil@dakotacom. net
Firm No. :  00235500
Jerald R. Wilson
State Bar No. :		014933
PCC No. : 64897
Attorneys for Defendants/
Counter-Plaintiffs/Third Party Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| WILSHIRE INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>PATRICK YAGER and JAVIER LOPEZ,<br><br>Defendants, | No. 4:16-CV-00192-JAS |
| PATRICK YAGER and JAVIER LOPEZ,<br><br>Counter-Plaintiffs,<br>v.<br>WILSHIRE INSURANCE COMPANY; ABC COMPANIES 1-10; XYZ CORPORATIONS 1-10; and ABC PARTNERSHIPS 1-10,<br><br>Counter-Defendants. | DEFENDANT YAGER AND LOPEZ'S RESPONSE TO GIRARD INSURANCE MOTION IN LIMINE NO. 4: TO PRECLUDE MR. YAGER FROM ARGUING GIRARD INSURANCE OWED DUTY TO MR. LOPEZ UNDER THE THEORIES OF PUBLIC DUTY OR THIRD-PARTY BENEFICIARY |
| PATRICK YAGER,<br>Third Party Plaintiff,<br>v.<br>GIRARD INSURANCE SERVICES, INC. ; IRA LEE GIRARD and MARY ANN GIRARD; JANE and JOHN DOE GIRARD; JOHN and JANE DOES 1-10; ABC COMPANIES 1-10; XYZ CORPORATIONS 1-10; and, ABC PARTNERSHIPS 1-10,<br><br>Third Party Defendants. | Assigned to James Soto<br><br>ORAL ARGUMENT REQUESTED |

COMES NOW, Defendants/Counter-Plaintiffs Yager and Lopez (hereafter "Yager"), through their attorney undersigned, and submits their Response to Girard Insurance Motion in Limine No. 4: To Preclude Mr. Yager From Arguing Girard Insurance Owed Duty to Mr. Lopez Under the Theories of Public Duty or Third-Party Beneficiary as follows:

The motion in limine is not appropriate as it seeks a determination of law. Further, Girard does owe Lopez a duty, including but not limited to, that Lopez was a third-party beneficiary and based on Arizona public policy.

## I. The motion impermissively seeks a determination of law

Girard's request in this motion is not an appropriate motion in limine. This motion solely seeks to address an issue of law. Girard has already brought a motion for summary judgment on the issue of duty. Yager responded to the motion for summary judgment, alleging among other things, that Girard owed a duty of care as a third-party beneficiary and/or based on public policy. Yager is entitled to assert multiple theories of duty or breach of duty and such is not prejudicial or cumulative. Nonetheless, this issue already has been addressed and a motion in limine is not the appropriate forum to relitigate the issue. Further, the page limitations of a response to a motion in limine prevent Yager from adequately responding to such a complex issue. Girard's motion should be denied on this basis. Alternatively, there should be proper briefing before such a decision is rendered.

## II. Girard owes a duty of care as Lopez as a third-party beneficiary

Girard also incorrectly asserts Yager's claim in this case. Yager asserts that Girard owed Lopez a duty of care as third-party beneficiary of Pastor. Yager's claim is a negligence and/or insurance malpractice claim. Girard cites cases that examine a third-party beneficiary to a contract claim. However, Yager is not making a contract claim and those cases are not relevant

to the issue. As noted above, Yager is not asserting that Girard owed a duty to Yager but that Girard owed a duty to Lopez as a third-party beneficiary to Pastor. Pastor testified that he requested that Girard add Lopez and his van to the insurance policy and provided all information requested by Girard. Pastor clearly intended that the addition of Lopez was to allow Lopez to legally transport passengers to conduct his shuttle business. It was clear to Girard that Pastor requested liability insurance to allow the shuttle vans on his policy to meet the legal requirements to transport passengers. Therefore, even if Girard did not know Lopez, a duty of care was owed to Lopez as a third-party beneficiary to Pastor.

**III.    Girard owes a duty of care based on Arizona public policy**

Girard also incorrectly asserts Yager's claim regarding public policy. Yager asserts that Girard owed Lopez a duty of care based on public policy. Arizona law has held that a duty of care can be based on public policy. Public policy may support the recognition of a duty of care. Gipson v. Kasey, 214 Ariz. 141, 150 P.3d 208 (2007). Public policy may be found in statutes and common law. Id. The statute need not explicitly authorize a claim for damages. Id. Further, the question is not whether the legislature established a statutory duty of care but whether there is a duty or obligation imposed by the statute. Ontiveros v. Borak, 136 Ariz. 500, 667 P.2d 200 (1983).

The public policy in this case is the mandatory limits of liability insurance to legally transport passengers and to protect other members of the public. It is uncontroverted that Girard knew that Lopez's van was to be added by endorsement to Pastor's policy. Girard also knew that the van was to be used to transport passengers and required a mandatory limit of liability insurance so that the operator could conduct his business legally. Therefore, Girard owed a duty of care to Lopez based on Arizona's public policy of requiring minimum limits of liability

insurance, as well as the accompanying statutes, that provides penalties for failing to have the required insurance.

Girard's reliance on *Napier v. Bertram*, 191 Ariz. 238, 954 P.2d 1389 (1998) and the ruling in the underlying case is misplaced. The issue in the underlying case was whether Pastor owed a duty to Yager, not whether Pastor or anyone else owed a duty to Lopez. *Napier* simply states that an insurance agent does not have a duty of care to all travelers on Arizona roads. The traveler on the Arizona roads was Yager, not Lopez. Yager is not contending that Girard owed a duty of care to Yager. Yager would agree that such claim is precluded by *Napier*. However, in this case, Yager is claiming that Girard owed a duty of care to Lopez. As the *Napier* court stated, liability does not extend beyond the owner or operator of the vehicle to reach the insurance agent who failed to ensure the proper insurance coverage. *Napier*, Id. The Napier court is acknowledging an insurance agent's duty to the owner and operator of the vehicle. Lopez was the owner and operator of the vehicle that was added by endorsement to Pastor's policy. Therefore, Girard owed a duty to Lopez based on Arizona public policy.

## IV. Conclusion

Girard's motion to preclude argument regarding existence of duty pursuant to a third-party beneficiary or Arizona public policy should be denied because it is not an appropriate motion in limine since it seeks a ruling of law. Further, Girard does owe a duty of care, including but not limited to, Lopez was a third-party beneficiary and/or pursuant to Arizona public policy. Based on the foregoing, Yager respectfully requests that the Court deny the motion in limine.

DATED this 1st day of April, 2019.

                                  MINIAT & WILSON, L.P.C.

                                  By: */s/ Jerald R. Wilson*
                                      Jerald R. Wilson
                                      Attorney for Defendants/
                                      Counter-Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2019, I electronically transmitted the attached document to the Clerk's Office using CM/ECF system for filing.

I further certify that on April 1, 2019, I electronically mailed the attached document to:

| | |
|---|---|
| LJohnson@cdslawfirm.com | rbz@manningllp.com |
| Lon Johnson | Robert B. Zelms |
| Christian Dichter & Sluga, P.C. | Manning & Kass, |
| 2700 North Central Avenue, Suite 1200 | Ellrod, Ramirez, Trester, LLP |
| Phoenix, Arizona 85004 | 3636 North Central Avenue, 11th Floor |
| Attorney for Plaintiffs/Counter-Defendants | Phoenix, Arizona 85012 |
| Wilshire Insurance Company | Attorneys for Third Party Defendants |
| | Girard Insurance Services, Inc; |
| | Ira Lee Girard and Mary Ann Girard |

By: /s/*Valerie Shanahan*