LAW OFFICES OF
MINIAT & WILSON, L. P. C.
550 WEST INA ROAD, SUITE 101
TUCSON, ARIZONA  85704
Phone:  (520) 742-1177
Fax:  877-399-4343; E-mail:  jerwil@dakotacom. net
Firm No. :  00235500
Jerald R. Wilson
State Bar No. :  014933
PCC No. :  64897
Attorneys for Defendants/
Counter-Plaintiffs/Third Party Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| WILSHIRE INSURANCE COMPANY,<br><br>                    Plaintiff,<br>v.<br><br>PATRICK YAGER and JAVIER LOPEZ,<br><br>                    Defendants, | No. 4:16-CV-00192-JAS |
| PATRICK YAGER and JAVIER LOPEZ,<br><br>                    Counter-Plaintiffs,<br>v.<br>WILSHIRE INSURANCE COMPANY; ABC COMPANIES 1-10; XYZ CORPORATIONS 1-10; and ABC PARTNERSHIPS 1-10,<br><br>                    Counter-Defendants. | DEFENDANT YAGER AND LOPEZ'S RESPONSE TO GIRARD INSURANCE MOTION IN LIMINE NO. 5: TO EXCLUDE EVIDENCE OF UNDISCLOSED EXPERT OPINIONS FROM SOCIAL SECURITY ADMINISTRATION AND MR. YAGER'S TREATING PHYSICIANS<br><br>Assigned to James Soto<br><br>**ORAL ARGUMENT REQUESTED** |
| PATRICK YAGER,<br>                    Third Party Plaintiff,<br>v.<br>GIRARD INSURANCE SERVICES, INC. ; IRA LEE GIRARD and MARY ANN GIRARD; JANE and JOHN DOE GIRARD; JOHN and JANE DOES 1-10; ABC COMPANIES 1-10; XYZ CORPORATIONS 1-10; and, ABC PARTNERSHIPS 1-10,<br><br>                    Third Party Defendants. | |

COMES NOW, Defendants/Counter-Plaintiffs Yager and Lopez (hereafter "Yager"), through their attorney undersigned, and submits their Response to Girard Insurance Motion in Limine No. 5: To Exclude Evidence of Undisclosed Expert Opinions from Social Security Administration and Mr. Yager's Treating Physicians as follows:

Yager has continually contended and disclosed that he had not worked since the day of the accident and was not able to gain employment because of his injuries. In Yager's initial disclosure statement, Yager listed Dr. John Wild to opine as to the permanency of Yager's injuries and his inability to work (Exhibit 1). Further, in the expert disclosure, Dr. John Wild was also listed as to opine as to the permanency of Yager's injuries and his inability to work (Exhibit 2).

The Social Security Administration (hereinafter, "SSA") found on April 10, 2018 that Yager was disabled since the date of the accident and was unable to perform work (Exhibit 3). Girard complains that the SSA report was not timely disclosed. However, that would have been impossible. The SSA decision was not rendered until after the expert disclosure deadline had passed, as well as after the disclosure deadline had passed. Yager disclosed the SSA finding within thirty days of the receipt of the decision. Girard did not ask for any further information regarding the report.

Despite these properly disclosed contentions of permanent injury and inability to work, Girard failed to take Dr. Wild's deposition, failed to have an independent medical examination of Yager or conduct a functional capacity examination. Obviously, Girard was aware of Yager's claim of injury and inability to work as Girard denied numerous requests for admissions based on its taking an independent medical examination and functional capacity examination. Instead,

Girard intends to mislead the jury into believing that Yager is employable, which is contradictory to the SSA's findings.

I. **The SSA report is admissible into evidence and has been properly disclosed**

The SSA report is admissible into evidence. The SSA report is allowed into evidence as a public record pursuant to FRE 803(8). Further, the SSA report is self-authenticating pursuant to FRE 902.

As noted above, the SSA report could not have been timely disclosed because the SSA decision was not rendered until after the expert disclosure and disclosure deadlines had passed. Further, Yager supplemented both disclosure and responses to discovery regarding the SSA finding within thirty days of receipt of the decision. Good cause exists for allowing the SSA report since the disclosure was timely made from receipt. Untimely evidence can be allowed when there is substantial justification or the delay is harmless. Fed.R.Civ.P., Rule 37(c)(1). Obviously, substantial justification exists since it was impossible to timely disclose the decision since it did not exist until after the disclosure of experts and discovery. As noted, Yager disclosed the information within thirty days of receipt of the decision and Girard did not request any follow-up information regarding the SSA decision.

Evidence of the SSA report is also necessary to prevent inaccurate information being provided to the jury. As can be seen in its motion, Girard seeks to argue that Yager has recovered from his injuries and can perform work. We know through the SSA report that the argument is not based in good faith. It would be inappropriate to let Girard make such argument in light of the finding that Yager has been found to be permanently disabled by the SSA.

Therefore, since there is substantial justification since the decision did not exist at the time of disclosure and the risk of misleading evidence to the trier of fact, preclusion would be

too harsh a sanction. A trial date has not yet even been set for this case. Other options are available. If necessary, the Court could allow Girard further discovery as to the SSA report only.

II. **Dr. Wild has been properly disclosed to testify as to permanency of injury and the inability to perform work**

Further, as shown above, Dr. Wild was disclosed both in the initial disclosure statement and the expert disclosure statement to opine to the permanency of Yager's injuries and his inability to perform work due to those injuries (Exhibits 1 and 2). In fact, in Yager's expert disclosure, Dr. Wild was disclosed to give "his opinion that Plaintiff's injuries are permanent and have caused a permanent disability which included affecting Plaintiff's ability to work." As has been listed before, Yager suffered the following injuries from the accident: 1) mild traumatic brain injury; (2) three fractures to his right shoulder; (3) fracture of his left knee; (4) fractures of two right ribs and one left rib, (5) punctured lung, (6) numerous fractures in his left foot; and (7) significant scarring from road rash. Yager spent over a month in the hospitals. Yager has had numerous surgeries and seen many health care providers. Nonetheless, Girard attempts to cherry pick three short passages out of thousands of pages of medical records to falsely assert that Yager had recovered from his injuries and should be able to work. The records clearly show that no more than two months after the accident, Dr. Wild noted ossification of the muscle in Yager's shoulder, causing range of motion problems. What this means is that the muscle is turning into bone, which is clearly a permanent problem. There is no resolution to this issue. Dr. Wild's records continue to show deterioration of this condition. Finally, Dr. Wild, as part of his course of treatment, took Yager off work due to his injuries and never released him back to work. Perhaps, Girard can try to cross-examine Dr. Wild with its three cherry picked passages from the

medical records. However, that is not a basis to disallow testimony from the treating orthopedic doctor, who placed work restrictions on Yager.

III.    **Conclusion**

The SSA report was timely disclosed after receipt of the decision or alternatively, substantial justification exists to allow the SSA decision into evidence. Further, the SSA report is admissible hearsay pursuant to the public record exception in F.R.E., Rule 803(8). Finally, treating orthopedic doctor, Dr. Wild, has been properly disclosed to testify regarding the permanency of Yager's injuries and his inability to work because of those injuries.

DATED this 1st day of April, 2019.

                                              MINIAT & WILSON, L.P.C.

                                        By:  */s/ Jerald R. Wilson*
                                               Jerald R. Wilson
                                               Attorney for Defendants/
                                               Counter-Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2019, I electronically transmitted the attached document to the Clerk's Office using CM/ECF system for filing.

I further certify that on April 1, 2019, I electronically mailed the attached document to:

LJohnson@cdslawfirm.com
Lon Johnson
Christian Dichter & Sluga, P.C.
2700 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Attorney for Plaintiffs/Counter-Defendants
Wilshire Insurance Company

rbz@manningllp.com
Robert B. Zelms
Manning & Kass,
Ellrod, Ramirez, Trester, LLP
3636 North Central Avenue, 11th Floor
Phoenix, Arizona  85012
Attorneys for Third Party Defendants
Girard Insurance Services, Inc;
Ira Lee Girard and Mary Ann Girard

By: /s/*Valerie Shanahan*