LAW OFFICES OF
MINIAT & WILSON, L. P. C.
550 WEST INA ROAD, SUITE 101
TUCSON, ARIZONA  85704
Phone:  (520) 742-1177
Fax:  877-399-4343; E-mail:  jerwil@dakotacom. net
Firm No. :  00235500
Jerald R. Wilson
State Bar No. :        014933
PCC No. : 64897
Attorneys for Defendants/
Counter-Plaintiffs/Third Party Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| WILSHIRE INSURANCE COMPANY,<br><br>                    Plaintiff,<br>v.<br><br>PATRICK YAGER and JAVIER LOPEZ,<br><br>                    Defendants, | No. 4:16-CV-00192-JAS |
| PATRICK YAGER and JAVIER LOPEZ,<br><br>                    Counter-Plaintiffs,<br>v.<br>WILSHIRE INSURANCE COMPANY; ABC COMPANIES 1-10; XYZ CORPORATIONS 1-10; and ABC PARTNERSHIPS 1-10,<br><br>                    Counter-Defendants. | DEFENDANT YAGER AND LOPEZ'S RESPONSE TO GIRARD INSURANCE MOTION IN LIMINE NO. 7: TO EXCLUDE PHOTOGRAPHS OF MR. YAGER'S INJURIES |
| PATRICK YAGER,<br>                    Third Party Plaintiff,<br>v.<br>GIRARD INSURANCE SERVICES, INC. ; IRA LEE GIRARD and MARY ANN GIRARD; JANE and JOHN DOE GIRARD; JOHN and JANE DOES 1-10; ABC COMPANIES 1-10; XYZ CORPORATIONS 1-10; and, ABC PARTNERSHIPS 1-10,<br><br>                    Third Party Defendants. | Assigned to James Soto<br><br>**ORAL ARGUMENT REQUESTED** |

COMES NOW, Defendants/Counter-Plaintiffs Yager and Lopez (hereafter "Yager"), through their attorney undersigned, and submits their Response to Girard Insurance Motion in Limine No. 7: To Exclude Photographs of Mr. Yager's Injuries as follows:

Photographs of Yager are not cumulative and are not unduly prejudicial. Yager is unsure which photographs are sought to be precluded. It would seem that the Court is not in a position to make a ruling without even having an opportunity to see the photographs.

Further, at this time, there is no evidence to support the claim that the photographs are cumulative. While Girard lists possible alternative methods to describe injuries, Yager is not required to submit evidence of injury through one specific source or another. Perhaps, the photographs would make the testimony of Yager or his doctor regarding description of the injuries unnecessary. If anything, the submission of the photographs of Yager's injuries may increase the efficiency of the trial.

Additionally, Girard has not met its burden to prove that the probative value of the photographs would be substantially outweighed by the alleged undue prejudice. FRE 403. In fact, Yager contends that the photographs are relevant and probative to prove not only his injuries but his claim for loss of wages and permanent disability. Girard apparently intends to contend that Yager's injuries were not serious, that he had recovered two months after the accident and should have been able to return to work. These photographs will support Yager's claim that he suffered injury to his shoulder that has cause permanent loss of range of motion and pain which prevent him, from among other things, able to work at his old job as a stocker at a grocery store or even at any other job as determined by the Social Security Administration. It would be unfair to allow Girard to argue that Yager's injuries were not severe, has recovered and

should be able to work without the trier of fact being allowed to see photographs of his condition.

A motion in limine should not be used to resolve factual dispute or weigh evidence, which is the province of the jury. Evidence should only be excluded on a motion in limine if the evidence is clearly inadmissible for any purpose. Finally, motions in limine seeking the exclusion of a broad category of evidence is disfavored since a court is in a better position to assess the value of the evidence at trial.

Based on the foregoing, Yager respectfully requests that the Court deny Girard's motion in limine.

DATED this ____ day of March, 2019.

                                          MINIAT & WILSON, L.P.C.

                                          By: */s/ Jerald R. Wilson*
                                                 Jerald R. Wilson
                                                 Attorney for Defendants/
                                                 Counter-Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on March ____, 2019, I electronically transmitted the attached document to the Clerk's Office using CM/ECF system for filing.

I further certify that on March ____, 2019, I electronically mailed the attached document to:

| | |
|---|---|
| LJohnson@cdslawfirm.com<br>Lon Johnson<br>Christian Dichter & Sluga, P.C.<br>2700 North Central Avenue, Suite 1200<br>Phoenix, Arizona 85004<br>Attorney for Plaintiffs/Counter-Defendants<br>Wilshire Insurance Company | rbz@manningllp.com<br>Robert B. Zelms<br>Manning & Kass,<br>Ellrod, Ramirez, Trester, LLP<br>3636 North Central Avenue, 11th Floor<br>Phoenix, Arizona 85012<br>Attorneys for Third Party Defendants<br>Girard Insurance Services, Inc;<br>Ira Lee Girard and Mary Ann Girard |

By: /s/ *Valerie Shanahan*